Hans N. Huggler (OSB #144993)
hans@erisaborealis.com
Alexa M. Shasteen (OSB #170815)
alexa@erisaborealis.com
Borealis Benefits Law, Inc.
522 W. Riverside Ave, Suite 5076
Spokane, WA 99201
(907) 600-1711
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SUZANNE CORNIE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Defendant | Case No.: 3:25-cv-01821<br><br>COMPLAINT FOR RECOVERY OF LONG-TERM DISABILITY AND PREMIUM WAIVER BENEFITS |

Plaintiff Suzanne Cornie alleges as follows:

### I.　Nature of the Action

1.　This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1000 *et seq.*, to recover long-term disability and life insurance premium waiver benefits wrongfully denied.

COMPLAINT FOR RECOVERY OF LONG-TERM DISABILITY AND PREMIUM WAIVER BENEFITS

1

## II. Parties

2. Plaintiff Suzanne Cornie ("Cornie") lives in Beaverton, Oregon.

3. Defendant Unum Life Insurance Company of North America ("Unum") is an insurance company incorporated and headquartered in Maine.

## III. Jurisdiction & Venue

4. Unum is licensed and authorized to sell insurance in Oregon and insured Cornie while she was employed in Oregon.

5. The court has "federal question" subject matter jurisdiction over this ERISA action pursuant to 28 U.S.C. § 1331 as well as jurisdiction under 29 U.S.C. § 1132(e)(1).

6. Unum is subject to nationwide service of process in ERISA cases pursuant to 29 U.S.C. § 1132(e)(2). The court has specific personal jurisdiction over Unum.

7. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

8. Venue is appropriate in this division pursuant to LR 3-2(b).

## IV. Facts

9. Cornie was a Licensed Practical Nurse employed by Tuality Healthcare.

10. Tuality provided its employees with group benefits, including long-term disability benefits under Policy 707285 and group life insurance benefits under Policy 702786.

11. In December 2020, Cornie stopped working due to the acute onset of symptoms arising from COVID-19. These symptoms included pain, numbness, and tingling in hands, arms, and feet, rapid increases in heart rate and blood pressure in sitting and standing positions, balance issues, brain fog, and severe fatigue. Cornie sought appropriate medical care and objective testing confirmed diagnoses of POTS and small fiber neuropathy, among other conditions.

COMPLAINT FOR RECOVERY OF LONG-TERM DISABILITY AND PREMIUM
WAIVER BENEFITS

12. Unum approved short-term disability benefits and then long-term disability insurance benefits and life insurance premium waiver benefits under a "regular occupation" standard. After 24 months of long-term benefits, Unum continue to pay an additional 24 months of long-term disability and premium waiver benefits when an "any occupation" standard took effect.

13. In February and March 2025, Unum terminated the long-term disability and premium waiver benefits, asserting it had determined Cornie was able to perform sedentary employment as of March 20, 2023.

14. Cornie timely appealed the denials. Unum issued a final determination on both benefits on October 6, 2025.

15. Unum's determination was error. She has continuously satisfied the policies' definitions of disability.

## V.   Cause of Action – Recovery of Benefits

16. The allegations in Paragraphs 1-15 are included herein.

17. Tuality's group benefits plan is subject to ERISA.

18. Cornie is a "participant" in Tuality's group disability benefits plan. 29 U.S.C. § 1002(7).

19. Unum insured and administered benefits on behalf of Tuality and is a "fiduciary" under ERISA. 29 U.S.C. § 1002(21).

20. ERISA provides a cause of action for participants to recover benefits due under a group benefits plan. 29 U.S.C. § 1132(A)(1)(b).

21. Cornie has exhausted all administrative remedies.

COMPLAINT FOR RECOVERY OF LONG-TERM DISABILITY AND PREMIUM WAIVER BENEFITS

22. The standard of review for Unum's decisions denying benefits is de novo.

23. Cornie is disabled under the terms of the long-term disability and life insurance policies and entitled to past and continuing benefits.

## VI. Prayer for Relief

24. Relying on the above allegations, Plaintiff requests the following relief:

    a. A order declaring plaintiff's right to benefits and clarifying plaintiff's right to future benefits under each policy's terms and conditions;

    b. Judgment for plaintiff for past-due benefits in an amount determined upon entry of judgment;

    c. Pre- and post-judgment interest at the statutory rate;

    d. Attorney fees pursuant to 29 U.S.C. § 1132(g)(1) and recoverable costs;

    e. Any further legal or equitable relief the Court deems proper.

Dated this 6th day of October, 2025.

/s/ *Hans Huggler*

Hans N. Huggler, OSB #144993
Alexa M. Shasteen OSB #170815
Borealis Benefits Law, Inc.
Attorneys for Plaintiff

COMPLAINT FOR RECOVERY OF LONG-TERM DISABILITY AND PREMIUM WAIVER BENEFITS